UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:14-cv-21871-PAS

HOWARD COHAN,

    Plaintiff,

v.

FLORIDA PRITIKIN CENTER, LLC,
d/b/a PRITIKIN LONGEVITY CENTER
AND SPA, and TRUMP ENDEAVOR 12, LLC,
d/b/a PRITIKIN LONGEVITY CENTER AND SPA,

    Defendants.
_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants Florida Pritikin Center, LLC ("Pritikin") and Trump Endeavor 12, LLC ("Trump") submit their answer and affirmative defenses to the complaint filed by Plaintiff Howard Cohan.

## ANSWER TO COMPLAINT

Defendants deny each and every allegation of Plaintiff's complaint not expressly admitted below. Defendants' answer to each of the specifically enumerated paragraphs of Plaintiff's complaint is as follows:

    1.    Admitted only that this Court has original jurisdiction over claims arising under Title III of the Americans With Disabilities Act, 42 U.S.C. § 12131 et seq. ("Title III" of the "ADA") where the plaintiff has standing and there is a case and controversy. Any and all remaining allegations of this paragraph not expressly admitted are denied, and Defendants deny that Plaintiff is entitled to any relief whatsoever.

2. Admitted only that venue is proper in the Southern District of Florida as opposed to any other judicial district. Any and all remaining allegations of this paragraph not expressly admitted are denied.

3. Denied.

4. Denied.

5. Denied.

6. Admitted that each Defendant is authorized to conduct business in the state of Florida and that each Defendant conducts business in the state of Florida. Further admitted that Trump is the owner, operator and lessor of real property and improvements thereon which are the ostensible subject of this action, a resort commonly known as "Trump National Doral," located at or about 4400 NW 87th Avenue, Miami, Florida 33178 (the "Property"). Further admitted that Pritikin is the owner and operator of the "Pritikin Longevity Center and Spa," which is a lessee of and located on only a specific portion of the Property, and which utilizes the street address 8755 NW 36th Avenue, Miami, Florida 33178. Any and all remaining allegations of this paragraph not expressly admitted are denied, and Defendants specifically deny that Trump does business as "Pritikin Longevity Center and Spa."

7. Admitted only that the Property is located within the Southern District of Florida and that venue is proper in the Southern District of Florida as opposed to any other judicial district. Any and all remaining allegations of this paragraph not expressly admitted are denied.

8. Defendants reassert their responses to paragraphs 1 through 7 of Plaintiff's complaint as if fully set forth herein.

9. This is not an averment to which a response is required. To the extent a response is required, admitted that the ADA was enacted on July 26, 1990, and further admitted that the text of the ADA and its corresponding regulations speak for themselves. Any and all remaining allegations of this paragraph not expressly admitted are denied.

10. This is not an averment to which a response is required. To the extent a response is required, admitted that the text of the ADA and its corresponding regulations speak for themselves. Any and all remaining allegations of this paragraph not expressly admitted are denied.

11. This is not an averment to which a response is required. To the extent a response is required, admitted that the text of the ADA and its corresponding regulations speak for themselves. Any and all remaining allegations of this paragraph not expressly admitted are denied.

12. Admitted only that portions of the Property represent a place of public accommodation. Any and all remaining allegations of this paragraph not expressly admitted are denied.

13. Denied.

14. Denied.

15. Denied.

16. This is not an averment to which a response is required. To the extent a response is required, admitted that the text of the ADA and its corresponding regulations speak for themselves. Any and all remaining allegations of this paragraph not expressly admitted are denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Admitted only that Plaintiff's counsel purports to represent Plaintiff in this action.  Any and all remaining allegations of this paragraph not expressly admitted are denied, and Defendants deny that Plaintiff is entitled to attorney's fees, costs, expenses or any other relief whatsoever.

25. Denied.

26. Denied.

27. Denied.

28. Denied.  As to the "wherefore" clause following paragraph 28, denied that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff has failed to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiff does not have standing.

### Third Affirmative Defense

Plaintiff has failed to set forth sufficient allegations to show he has standing.

**Fourth Affirmative Defense**

Plaintiff's claims are moot in whole or in part. More specifically, to the extent any barriers to access ever existed at the Property – which is expressly denied – prior to the institution of this action and/or during the pendency of this action, and in a manner which precludes the relief Plaintiff seek, Defendants had already instituted appropriate barrier removal plans to eliminate any existing barriers to the extent readily achievable and technically feasible. To the extent that the removal of any barriers, including any alleged barriers set forth in Plaintiff's complaint, are not readily achievable, Defendants have already instituted "alternatives" to barrier removal as set forth in the ADA regulations.

**Fifth Affirmative Defense**

The correction of one or more of the violations alleged in the complaint (a) is not readily achievable; (b) is structurally impractical; and/or (c) is technically infeasible.

**Sixth Affirmative Defense**

The correction of one or more of the violations alleged in the complaint would impose an undue burden on Defendants and therefore is not readily achievable under the ADA.

**Seventh Affirmative Defense**

Plaintiff failed to provide reasonable notice to Defendants of the alleged violations, and therefore Plaintiff's complaint should be dismissed and/or Plaintiff should be barred from recovering reasonable attorney's fees and costs.

### Eighth Affirmative Defense

Plaintiff is demanding or will demand modifications which, under the ADA, are not readily achievable, are technically infeasible, are not required, would impose an undue hardship on Defendants, would fundamentally alter the use of the Property and/or would create a risk to the health and safety of Plaintiff and/or of others.

### Ninth Affirmative Defense

Plaintiff cannot satisfy his burden of proof to establish (1) that any architectural barriers exist and (2) that Plaintiff's proposed methods of architectural barrier removal are readily achievable.  Moreover, Plaintiff cannot satisfy his burden of proof to present evidence of a specific design to remove alleged barriers as well as how the proposed design would effect operations at the Property.

### Tenth Affirmative Defense

Plaintiff's claims against Defendants are barred in whole or in part to the extent any liability for such claims is due to the conduct of third persons.

### Eleventh Affirmative Defense

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

### Twelfth Affirmative Defense

Plaintiff's claims are barred in whole or in part by the doctrine of laches.  More specifically, Plaintiff's delay in asserting his claims against Defendants after first learning of the existence of such claims has unduly prejudiced Defendants.

### Thirteenth Affirmative Defense

Defendants have fulfilled all of their obligations under the ADA.

### Fourteenth Affirmative Defense

Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

### Fifteenth Affirmative Defense

Plaintiff's requested modifications are not reasonable.

### Sixteenth Affirmative Defense

Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

### Seventeenth Affirmative Defense

Some of the modifications demanded by Plaintiff are subject to, and limited by, applicable local, state, or other laws, and, as such, may not be able to be performed, assuming *arguendo* that such modifications would be otherwise required.

### Eighteenth Affirmative Defense

Defendants have neither taken, nor ratified, any action with discriminatory purpose or intent.  Rather, contrary to Plaintiff's allegations, Defendants have acted in good faith and have not authorized any action prohibited by law or committed any unlawful practice, or engaged in any inappropriate activities.

### Nineteenth Affirmative Defense

Plaintiff's claims are barred because the requested modifications are not "alterations" within the meaning of the ADA or the ADAAG and/or because the claims do not trigger an "alteration" legal standard, including without limitation because the modifications sought will be disproportionate in cost or cost in excess of 20% of the entire "alteration."

### Twentieth Affirmative Defense

Plaintiff has alleged violations of the ADA where the cited architectural elements comply with ADAAG and/or has demanded relief not required by ADAAG or the ADA.

### Twenty-First Affirmative Defense

Plaintiff's claims are barred because any alterations at the Property are sufficient because they satisfy the "maximum extent feasible" standard.

### Twenty-Second Affirmative Defense

Plaintiff's claims are barred because, with respect to any particular architectural element at the Property which departs from the ADA or ADAAG, the Property has provided "equivalent facilitation" in the form of alternative designs and technologies that offer substantially equivalent or greater access to and usability of the Property.

### Twenty-Third Affirmative Defense

Plaintiff's claims are barred because the claimed violations are "de minimis" and/or within conventional building industry tolerances.  Such alleged violations are not actionable and do not materially impair Plaintiff's use of an area for an intended purpose.

### Twenty-Fourth Affirmative Defense

Plaintiff's claims are barred to the extent Plaintiff seeks relief for alleged violations involving property over which one or both Defendants have no ownership interests, rights, duties and/or control, including property controlled by Trump and not Pritikin.

### Twenty-Fifth Affirmative Defense

Plaintiff's claims in this action are barred as being improperly duplicative of Plaintiff's claims brought in the action styled *Howard Cohan v. Trump Endeavor 12, LLC d/b/a Trump*

*National Doral*, Case No. 1:14-cv-21633-MGC, currently pending in the Southern District of Florida.

**Additional Affirmative Defenses**

Defendants reserve the right to assert additional affirmative defenses which may be learned or disclosed through the discovery process.

**DEMAND FOR ATTORNEY'S FEES, COSTS AND EXPENSES**

Defendants have retained undersigned counsel and has obligated themselves to pay their counsel reasonable attorney's fees along with costs and expenses incurred in this action.  Defendants are entitled to an award of reasonable attorney's fees, costs and expenses incurred in defense of Plaintiff's claims pursuant to 42 U.S.C. § 12205 and 28 C.F.R. § 36.505.

WHEREFORE Defendants Florida Pritikin Center, LLC and Trump Endeavor 12, LLC, having answered Plaintiff's complaint and asserted affirmative defenses, respectfully request that this Court dismiss Plaintiff's complaint with prejudice and/or enter final judgment in their favor, award them reasonable attorney's fees, costs and expenses, and take such further action as is just and proper.

Dated:   June 26, 2014                         Respectfully submitted,
         Boca Raton, FL

                                               *s/ Adam S. Chotiner*
                                               ADAM S. CHOTINER, ESQ.
                                               Florida Bar No. 0146315
                                               E-Mail: aschotiner@sbwlawfirm.com
                                               SHAPIRO, BLASI, WASSERMAN & GORA, P.A.
                                               7777 Glades Rd., Suite 400
                                               Boca Raton, FL  33434
                                               Tel:  (561) 477-7800
                                               Fax:  (561) 477-7722
                                               Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List below via transmission of Notices of Electronic Filing generated by CM/ECF.

                                                    *s/ Adam S. Chotiner*
                                                    ADAM S. CHOTINER, ESQ.

## SERVICE LIST

*Howard Cohan v. Florida Pritikin Center, LLC, et al.*
Case No. 1:14-cv-21871-PAS
United States District Court, Southern District of Florida

| | |
|---|---|
| Mark D. Cohen, Esq. | Adam S. Chotiner, Esq. |
| E-Mail: mdcohenpa@yahoo.com | E-Mail: aschotiner@sbwlawfirm.com |
| Mark D. Cohen, P.A. | Shapiro, Blasi, Wasserman & Gora, P.A. |
| Presidential Circle, Suite 435 So. | 7777 Glades Road, Suite 400 |
| 4000 Hollywood Blvd. | Boca Raton, Florida 33434 |
| Hollywood, FL 33021 | Telephone:   (561) 477-7800 |
| Tel:   (954) 962-1166 | Facsimile:   (561) 477-7722 |
| Fax:   (954) 962-1779 | Counsel for Defendants |
| Counsel for Plaintiff | *Via CM/ECF* |
| *Via CM/ECF* | |